# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| AMERICAN FINANCIAL NETWORK, INC., | § § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No.  4:21-CV-00885 |
| v. | § § | Judge Mazzant |
| WYNDHAM CAPITAL MORTGAGE, INC., ANTHONY MUCHOW, JOSHUA HEINZ, DAVID CONARY, AND KEVIN MAXWELL, | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff American Financial Network, Inc.'s Partially Unopposed Motion to Remand (Dkt. #7). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED**.

## BACKGROUND

Plaintiff American Financial Network, Inc. originally brought this action in the 431st District Court of Denton County, Texas against five defendants. On November 5, 2021, Defendants removed the action to the undersigned Court, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff filed the present motion on November 18, 2021 seeking remand and recovery of just costs and expenses incurred as a result of Defendants' improper removal (Dkt. #7). Defendants filed their response on December 2, 2021 (Dkt. #8). On December 8, 2022, Plaintiff filed a reply (Dkt. #9). Defendants do not dispute that this case must be remanded but oppose the imposition of costs and fees under 28 U.S.C. § 1447(c).

## LEGAL STANDARD

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C. § 1446. A notice of removal must normally be filed within thirty (30) days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty (30) days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). Similarly, 28 U.S.C. § 1447 establishes the procedures following removal. Specifically, section 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the thirty (30) days have passed. *Id.*

Section 1441(b) provides that any civil action over which district courts have original jurisdiction solely through diversity of citizenship is not removable if a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is often referred to as the "forum defendant rule." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). The Fifth Circuit has determined that this rule is procedural and not jurisdictional. *See id.* at 392. Accordingly, the forum defendant rule can be waived if a party does not object to removal within the requisite thirty (30) days. *Id.* at 395; *In re Shell Oil Co.*, 932 F.2d 1523, 1529 (5th Cir. 1991); *see* 28 U.S.C. § 1446(b).

Section 1447(c) authorizes the court to impose just costs and fees on a defendant for improper removal. "There is no automatic entitlement to" the discretionary "award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Though "factual situations may arise in which the district court is required to award attorney's fees, the mere

determination that removal was improper is not one of them." *Id.*  The court does not consider the defendant's "motive in removing the case to district court." *Id.* Indeed, the court "may award fees even if removal is made in subjective good faith." *Id.* Instead, the court objectively considers the merits of the defendant's case at the time of removal. *See, e.g., Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). "In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293.

**ANALYSIS**

The parties now agree that this case must be remanded under the "forum defendant" rule. Each of the Defendants in this lawsuit is a citizen of Texas that was served with Plaintiff's complaint prior to Defendants' notice of removal. Because Plaintiff brought this action in a Texas state court, removal to this Court was never proper.

The only remaining question is that of costs and fees. Plaintiff argues that Defendants had no objectively reasonable grounds to believe the removal was legally proper because the forum defendant rule is clear. Defendants assert that they "did not lack an objectively reasonable basis for removal because the forum-defendant rule is procedural (i.e., non-jurisdictional) and therefore waivable" (Dkt. #8 at p. 1). Further, Defendants argue that, because the parties ultimately agreed to remand, if Plaintiff had "waited until the meet-and-confer, it could have avoided preparing a motion to remand entirely" (Dkt. #8 at p. 2). Plaintiffs respond that "Defendants' position ignores the plain language of 28 U.S.C. § 1447(c) which empowers the Court to award payment of 'just costs . . . including attorney fees . . . incurred as a result of the removal[]' 28 U.S.C. § 1447(c)" (Dkt. #9 at p. 4).

The Court finds that fees are proper in this case. Plaintiff has expended unnecessary time and effort on a matter that should have never been before the Court, regardless of the timing of the parties' agreement. The procedural nature of the forum-defendant rule does not change the § 1447(c) analysis. To hold otherwise would allow a defendant to simply ignore this well-established rule in hopes that a plaintiff will ultimately waive the argument and then skirt the imposition of costs and fees when the plaintiff invokes the rule. Defendants in this case lacked an objectively reasonable basis for removal because they are each citizens of the state of Texas, where Plaintiff originally brought this case. Accordingly, Plaintiff seeks recovery of $1,500 and any taxable costs of court to cover costs incurred by the improper removal. The Court finds this sum is reasonable.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff American Financial Network, Inc.'s Partially Unopposed Motion to Remand (Dkt. #7) is **GRANTED**.

It is further **ORDERED** that Defendant pay to Plaintiff fees and costs in the amount of $1,500 within 14 days from the date of this Order.

This case is **REMANDED** to 431st District Court of Denton County.

**IT IS SO ORDERED**.

**SIGNED this 15th day of February, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE